UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| NORMA MALDONADO, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | NO. 2:14CV310-PPS/PRC |
| CITY OF HAMMOND, INDIANA and OFFICER TIMOTHY KREISCHER, | ) | |
| Defendants. | ) | |

# OPINION

This is a §1983 case in which, according to the complaint, Norma Maldonado's dog (Lilly) was shot and killed by Hammond Police Officer Timothy Kreischer in the presence of two of Ms. Maldonado's minor children. One child was 5 to 7 feet away from the dog when it was shot, and the other was 10 to 15 feet away. Kreischer had been dispatched to Maldonado's residence to investigate a report of a "loose dog." When he arrived on the scene, Kreischer says that Lilly— an American Bulldog — lunged at him and Kreischer responded by shooting and killing the dog to stave off the attack. Maldonado claims that Lilly was posing no threat to the officer at the time of the shooting and that the shooting amounts to an unreasonable seizure under the Fourth Amendment.

Maldonado has sued Officer Kreischer in his individual capacity and also the City of Hammond. Maldonado's claim against Hammond alleges the city's liability based on its custom or policy resulting in her injuries. *Monell v. Dept. Of Soc. Services*,

436 U.S. 658, 691 (1978), holds that there is no *respondeat superior* liability against a municipality for the unconstitutional acts of its employees, but that a municipality may be subject to liability when the violation of a plaintiff's federally protected right can be attributed to a municipal policy or practice or the decision of a final municipal policy maker. *Id.* As the Supreme Court stated: "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly to said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Hammond has moved to dismiss the *Monell* claim under Fed.R.Civ.P. 12(b)(6), contending that Maldonado has failed to state a claim upon which relief can be granted.

Under *Monell* and its progeny, one basis for municipal liability is "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). *See also Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 675 (7th Cir. 2012); *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009).

In her complaint Maldonado claims that Hammond is liable to her because Hammond's Mayor, Thomas McDermott, "ratified" Officer Breischer's conduct by defending it in a post on Facebook. In her brief in response to the motion to dismiss, Maldonado retreats from this theory of liability, perhaps recognizing that a municipality can only be subject to liability for ratifying unconstitutional acts if the person doing the ratifying is the final policymaking authority, as established by state law. *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009). Indiana state

law vests authority for police matters to the police chief, and not the mayor. *See* Ind. Code 36-8-3-3(g). So what Mayor McDermott may have said on Facebook about Officer Breischer's behavior is neither here nor there. Perhaps the Facebook post is *evidence* of an unconstitutional policy, but it is not a separate basis for liability under *Monell*.

The same goes for Maldonado's theory that Hammond failed to properly discipline Officer Breischer. While that may be *evidence* of an unconstitutional policy, it is not a separate theory of liability in the absence of evidence that the failure to discipline Officer Breischer actually caused Maldonado's injuries. *See, e.g., Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 306 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).

But Maldonado has alleged more than just her ratification and failure to discipline theories. She has also alleged that the City of Hammond failed to properly train its officers in how to handle barking dogs, and this is a different theory of liability against the City. As noted above, a failure to train is a cognizable theory under *Monell*. *See City of Canton,* 489 U.S. at 388. In her complaint, Maldonado alleges that the "City of Hammond had no policy or training in place on how to handle barking dogs." (Complaint at ¶ 34). Hammond contends in its reply brief that the failure to train claim should be dismissed because Maldonado failed to use the precise words that the City was "deliberately indifferent" in its failure to train. But these are not magic words. The City well knows what the claim is and is in a position to defend against it.

Hammond argues that the allegations are too threadbare and therefore the case should be dismissed under the Supreme Court's Rule 12(b)(6) cases, *Twombly* and *Iqbal*.[1] To which I ask, what additional allegations would one expect to see? Proving a "failure to train" requires proof of a negative. The very essence of the allegation is that the City didn't do anything. So it is difficult to conceive of the "facts" that a plaintiff would allege when the very allegation is that the city did nothing at all. For now I am satisfied that Maldonado has alleged enough to avoid dismissal on her failure to train theory.

It is true that to establish liability under a failure to train theory, a plaintiff must be able to demonstrate the requisite deliberate indifference to the rights of persons with whom city employees come into contact, such as showing a pattern of a certain kind of constitutional violation or a lack of training when training was obviously needed. *Connick v. Thompson,* 131 S.Ct. 1350, 1359-60 (2011). But reliance at this stage on *Connick* is misplaced since it was decided after a full trial on the merits and is about sufficiency of *proof* rather than sufficiency of *pleading*. What is required to be pled is a different question.

The applicable pleading standard of Rule 8(a)(2) continues to require only "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the defendant fair notice of what the claim is and the grounds the claim rests on. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court has noted the different functions of pleading standards and summary judgment: "This

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512. "A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012).

Maldonado alleges that the city had no training in place on how officers should handle barking dogs and that Kreisher was not disciplined for shooting Lilly. Where a total absence of training is alleged concerning as common and ordinary a scenario as barking dogs encountered on patrol, and lethal force was used with no apparent question of its appropriateness by the police department, I find that the failure to train claim (including facts in support of the deliberate indifference prong) has been pled with adequate specificity. To make the "context-specific" plausibility determination required by *Twombly/Iqbal*, I draw on my "judicial experience and common sense." *Iqbal*, 445 U.S. at 679. I conclude that Maldonado has pled sufficient "details about the subject-matter of the case to present a story that holds together" and to permit a reasonable inference that the city is liable on a failure to train theory. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

ACCORDINGLY:

Defendant City of Hammond's motion to dismiss plaintiffs' first amended complaint [DE 23] is DENIED.

SO ORDERED.

ENTERED: April 20, 2015.

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT